UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RAHFEEZ J. H.,[1]

                      Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

**DECISION AND ORDER**

1:20-cv-448–JJM

_____

        Plaintiff brings this action pursuant to 42 U.S.C. §405(g) to review the final

determination of the Commissioner of Social Security that he was not disabled.  Before the court

are the parties' cross-motions for judgment on the pleadings [13, 14].[2]  The parties have

consented to my jurisdiction [16].  Having reviewed their submissions [13, 14, 15], this action is

remanded to the Commissioner for further proceedings consistent with this Decision and Order.

## BACKGROUND

        The parties' familiarity with the 314-page administrative record [12] is presumed.

On April 12, 2017, plaintiff protectively filed an application for Supplemental Security Income

("SSI").  Administrative Record [12], pp. 141-151.[3]  Plaintiff claimed his ability to work was

---

[1]      In accordance with the guidance from the Committee on Court Administration and Case
Management of the Judicial Conference of the United States, which was adopted by the Western District
of New York on November 18, 2020 in order to better protect personal and medical information of non-
governmental parties, this Decision and Order will identify the plaintiff by first name and last initial.

[2]      Bracketed references are to the CM/ECF docket entries. Unless otherwise noted, page references
are to CM/ECF pagination (upper right corner of the page).

[3]      Page references to the Administrative Record refer to the page numbers reflected in the
Administrative Record itself (bottom right corner of the page).

hindered by depression, lack of energy, posttraumatic stress disorder ("PTSD"), anxiety/panic attacks, as well as nightmares/flashbacks. Id., p. 182.  Plaintiff's claim was initially denied. Id., p. 64.

At plaintiff's request, Administrative Law Judge ("ALJ") Mary Mattimore conducted a hearing on March 4, 2019. Id., pp. 29-57.  Plaintiff was represented by an attorney. Id., p. 29.  The ALJ thereafter issued a Notice of Decision denying plaintiff's claim. Id., pp. 12-28.  In her decision, she found that plaintiff had the following severe impairments: generalized anxiety disorder, major depressive disorder, and PTSD. Id., p. 17.  She further found that plaintiff had "moderate limitation[s]" with respect to "concentrating, persisting, or maintaining pace" as well as in "interacting with others" and "adapting or managing oneself". Id., pp. 18-19.

ALJ Mattimore determined that plaintiff nonetheless retained the residual functional capacity ("RFC") to perform a full range of work subject to certain nonexertional limitations, including being limited to simple, routine, repetitive tasks at a nonproduction-rate pace; making simple workplace decisions; tolerating minimal changes in workplace processes and settings; and enduring only occasional interaction with supervisors and incidental interaction with coworkers and the public. Id., p. 19. She specifically noted that plaintiff could "maintain attention and concentration for 2 hour blocks of time". Id.  In reaching this determination, she rejected a portion of treating physician Allison M. Sastry, M.D.'s opinion that plaintiff would be "seriously limited" in his ability to "maintain attention for two hour segment[s]".  She found that segment of Dr. Sastry's opinion to be contrary to the "mild" findings of the consultative examiner and other treating examiners, as well as inconsistent with the fact that Dr. Sastry did not check the box under signs or symptoms for "difficulty thinking or concentrating". Id., p. 23 (quoting id., pp. 308-09).  She otherwise credited Dr. Sastry's opinion, finding it, in all,

"somewhat persuasive", and rejected the opinion of the consultative examiner, Susan Santarpia,

Ph.D., for being inconsistent with Dr. Sastry's diagnoses and plaintiff's self-reported symptoms

that he had "some difficulties with concentration". <u>Id.</u>, p. 23.

Plaintiff requested review of the ALJ's decision by the Appeals Council, which

was denied. <u>Id.</u>, pp. 1-6.  The ALJ's decision thereupon became the final decision of the

Commissioner. <u>Id.</u>, p. 1.


## ANALYSIS

### A.  Standard of Review

"A district court may set aside the Commissioner's determination that a claimant

is not disabled only if the factual findings are not supported by 'substantial evidence' or if the

decision is based on legal error." <u>Shaw v. Chater</u>, 221 F.3d 126, 131 (2d Cir. 2000) (*quoting* 42

U.S.C. §405(g)).  Substantial evidence is that which a "reasonable mind might accept as

adequate to support a conclusion". <u>Consolidated Edison Co. of New York, Inc. v. NLRB</u>, 305

U.S. 197, 229 (1938).

An adjudicator determining a claim for Social Security benefits employs a five-

step sequential process.  *See* <u>Shaw</u>, 221 F.3d at 132; 20 C.F.R. §§404.1520, 416.920.  The

plaintiff bears the burden with respect to steps one through four, while the Commissioner has the

burden at step five.  <u>Talavera v. Astrue</u>, 697 F.3d 145, 151 (2d. Cir. 2012).


### B.  Was the ALJ's Decision Supported by Substantial Evidence?

Plaintiff argues that the ALJ's RFC determination is unsupported by substantial

evidence because she rejected the majority of the medical opinion evidence and adopted

"detailed" limitations without sufficient explanation or support in the record.  Plaintiff's Brief

[13-1], pp. 1, 6-10.  Specifically, plaintiff objects to the ALJ's finding that he retained the ability

to maintain attention and concentration for two-hour blocks of times, expressly rejecting Dr.

Sastry's opinion that he would be "seriously limited" in doing so. [13-1], pp. 6-7 (*citing* [12], pp.

19, 23).  Plaintiff argues that the ALJ's finding in this regard, having rejected the relevant

opinion evidence, lacks sufficient support in the record. [13-1], pp. 6-7.  I agree.

It is well established that an RFC determination need "not perfectly correspond

with any of the opinions of medical sources cited in his decision", and that an ALJ is "entitled to

weigh all of the evidence available to make an RFC finding that [is] consistent with the record as

a whole".  Matta v. Astrue, 508 Fed. Appx. 53, 56 (2d Cir. 2013) (Summary Order); *see also*

Young v. Berryhill, 2018 WL 2752443, *2 (W.D.N.Y.) ("an ALJ need not adopt one or more

medical opinions verbatim in order to render a sufficiently-supported RFC determination").

"The question is, instead, whether the ALJ's conclusion was 'supported by the

record as a whole.'" Nieves v. Commissioner of Social Security, 2019 WL 4565112, *4

(S.D.N.Y.) (*quoting* Tricarico v. Colvin, 681 Fed. Appx. 98, 101 (2d Cir. 2017) (Summary

Order)); *see also* Butler v. Commissioner of Social Security, 2017 WL 2834482, *8 (N.D.N.Y.)

("the ALJ need not adopt any opinion in its entirety, but rather is entitled to weigh all the

evidence and adopt the limitations supported by the evidence").  Therefore, "[i]t is not per se

error for an ALJ to make the RFC determination absent a medical opinion, and remand is not

necessary where 'the record contains sufficient evidence from which an ALJ can assess the

[plaintiff]'s [RFC].'" Williams v. Colvin, 2016 WL 2640349, *3 (W.D.N.Y.) (*quoting* Tankisi v.

Commissioner of Social Security, 521 Fed. Appx. 29, 34 (2d Cir. 2013) (Summary Order)); *see*

*also* Monroe v. Commissioner of Social Security, 676 Fed. Appx. 5, 8-9 (2d Cir. 2017)

(Summary Order); <u>Corbiere v. Berryhill</u>, 760 Fed. Appx. 54, 57 (2d Cir. 2019) (Summary Order).

Still, the "general rule" is that a lay ALJ "is not qualified to assess a claimant's RFC on the basis of bare medical findings", and that "where the medical findings in the record merely diagnose the claimant's . . . impairments and do not relate those diagnoses to specific residual functional capabilities . . . [the ALJ] may not make the connection himself". <u>Perkins v. Berryhill</u>, 2018 WL 3372964, *3 (W.D.N.Y.); *see* <u>Nelson v. Commissioner of Social Security</u>, 351 F. Supp. 3d 361, 369 (W.D.N.Y. 2018). Where an ALJ proceeds without the support of a credited medical opinion, she is generally limited to making "common sense" assessments about a claimant's functional capacity. *See, e.g.*, <u>Stoeckel v. Commissioner of Social Security</u>, 2019 WL 5445518, *2 (W.D.N.Y.); <u>Ippolito v. Commissioner of Social Security</u>, 2019 WL 3927453, *4 (W.D.N.Y.). Moreover, it has been noted that "[a]n ALJ's decision to formulate an RFC without specifically crediting medical opinion evidence of record is particularly fraught with peril in the context of disability based on mental illness." <u>Kiggins v. Commissioner of Social Security</u>, 2019 WL 1384590, *5 (W.D.N.Y.); *see also* <u>Stoeckel</u>, 2019 WL 5445518 at *2 ("[c]ourts . . . remain 'wary of permitting an ALJ to use common sense to assess mental limitations, which are by their nature highly complex and individualized'").

The Commissioner argues that ALJ Mattimore sufficiently explained her findings, including regarding plaintiff's ability to maintain attention and concentration for two-hour periods. [14-1], pp. 20-22. However, the ALJ's explanations on this point are not supported by substantial evidence. For example, she repeatedly cites as support a June 1, 2017 finding by consultative examiner Dr. Santarpia that plaintiff's attention and concentration were "intact". [12], pp. 18, 21-23 (*citing* <u>id.</u>, p. 255), yet she also found Dr. Santarpia's opinion "unpersuasive"

on the grounds that it was inconsistent with both the treating psychiatrist's diagnoses and with claimant's self-reported difficulties with concentration.  Id., p. 23.  While the ALJ is "free to discount those portions of [a consultative examiner's] opinion that are not supported by the other evidence of record", Mary Diane K. v. Commissioner of Social Security, 2021 WL 2044411, *4 (W.D.N.Y.), she cannot have it both ways, rejecting evidence in one paragraph and then relying on it for the same proposition in the next.

ALJ Mattimore also makes much of treating psychiatrist Dr. Sastry's failure, intentional or not, to check the box for "difficulty thinking or concentrating" as a sign or symptom. Id., p. 23 (quoting id., pp. 308).  I note that Dr. Sastry did check the box for several other "signs and symptoms", including "anhedonia or pervasive loss of interest in almost all activities"; "mood disturbance"; "recurrent and intrusive recollections of a traumatic experience, which are a source of marked distress"; "emotional withdrawal or isolations"; "emotional lability"; and "sleep disturbance".  Id., p. 308.  As a lay person, I - like the ALJ - am unable to say whether or not these conditions might cause or contribute to serious limitations in the ability to maintain attention for a two-hour period of time.  If the ALJ did consider Dr. Sastry's findings to be inconsistent in this regard, she had the option to recontact her for clarification.  Indeed, this court has previously held that "where an ALJ perceives inconsistencies in a treating physician's report, the ALJ bears an affirmative duty to seek out more information from the treating physician . . . for clarification of the reasoning of the opinion." Lyman v. Commissioner of Social Security, 2020 WL 1131226, *3 (W.D.N.Y.) (citations omitted).  While the Social Security Administration no longer affords any special deference to a treating physician's opinion,[4] it is still incumbent upon an ALJ to produce a decision that is supported by substantial

---

[4]      "[T]he regulations relating to the evaluation of medical evidence were amended for disability claims filed after March 27, 2017". Michelle K. v. Commissioner of Social Security, 2021 WL 1044262, *3 (W.D.N.Y.).

evidence.  Moreover, it remains the "general rule, where the transcript contains only diagnostic evidence and no opinion from a medical source about functional limitations, [that] to fulfill the responsibility to develop a complete record, the ALJ must recontact the treating source, order a consultative examination, or have a medical expert testify at the hearing." Nanartowich v. Commissioner of Social Security Administration, 2018 WL 2227862, *11 (W.D.N.Y.).

Finally, ALJ Mattimore characterizes plaintiff's documented symptomology as "mild" (see id., pp. 18, 21-23 [citing various VA records]), but such a characterization is hardly self-evident.  Indeed, certain other of plaintiff's treatment records reflect that he struggled with his mental conditions, including major depressive disorder and PTSD, even after he started taking medication. See, e.g., id. at 275, 283, 296.  While some other treatment records (or the lack thereof) may arguably cut against plaintiff's claims, the record is, at best, mixed.  It is insufficient, by itself, to support the ALJ's specific finding that - despite moderate limitations in concentration - plaintiff had the ability to maintain attention for two-hour periods of time.  The lack of substantial support in the record for that specific finding was prejudicial to plaintiff, as otherwise he may lack the ability to perform the type of work contemplated by the ALJ's decision. See [12], p. 56; POMS DI 25020.101.B.3.d (indicating that the ability to maintain attention for two-hour periods is required for unskilled work).  Therefore, the matter should be remanded for further development of the record as to plaintiff's ability to maintain attention.

## CONCLUSION

For the reasons stated above, plaintiff's Motion for Judgment on the Pleadings [13] is granted to the extent it seeks vacatur and remand, the Commissioner's Motion for

---

"Pursuant to the new regulations, the Commissioner 'will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources.'" Id. at *3 (quoting 20 C.F.R. § 404.1520c(a)).

Judgment on the Pleadings [14] is denied, and this matter is remanded to the Commissioner for further administrative proceedings consistent with this opinion.

**SO ORDERED**.

Dated: September 20, 2021

/s/ Jeremiah J. McCarthy
JEREMIAH J. McCARTHY
United States Magistrate Judge